J. S55004/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MIKE GERALD, A/K/A GERALD MIKE, | : | No. 906 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, April 24, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0011398-2003

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STRASSBURGER, J.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED NOVEMBER 06, 2015**

Mike Gerald a/k/a Gerald Mike appeals ***pro se*** from the order filed in

the Court of Common Pleas of Allegheny County which dismissed, without a

hearing, his second petition filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Because we agree with the PCRA

court that appellant's facially untimely petition failed to establish a statutory

exception to the one-year jurisdictional time limit for filing a petition under

the PCRA, we affirm.

Following a coroner's inquest on August 4, 2003, appellant was

charged with one count of criminal homicide in connection with the shooting

---

* Retired Senior Judge assigned to the Superior Court.

death of John Mitchell on March 15, 1998.[1]  Mitchell was shot once in the chest at close range with a .40 caliber semi-automatic handgun.  Appellant admitted to police officers that he shot the victim but claimed it was an accident.[2]  On August 24, 2004, a jury convicted appellant of third-degree murder.[3]  On November 11, 2004, the court sentenced appellant to 20 to 40 years' imprisonment.[4]  On December 15, 2004, appellant filed a notice of appeal.[5]  The judgment of sentence was affirmed by this court on August 24, 2006.  On September 22, 2006, appellant, through counsel, filed a petition

---

[1] The facts of this case are set forth in **Commonwealth v. Gerald**, No. 2165 WDA 2004, unpublished memorandum (Pa.Super. filed August 24, 2006).

[2] Appellant claimed another individual, Jermaine Brown, was playing with the gun and that he became concerned and asked Brown for the firearm. Appellant stated that Brown removed the magazine and handed the gun to appellant.  Once appellant had possession of the gun, he pulled the slide back at which time the gun accidentally discharged hitting the victim in the chest.  Appellant also told the detectives that he fled the house and discarded the gun **en route** to his girlfriend's house.  (Notes of testimony, 8/19/04 (T.T.) at 277.)  At trial, the Commonwealth's expert criminalist, Robert Levine, Ph.D., testified that after a magazine is removed from a gun, if a person pulls back on the slide with a cartridge still in the chamber, normally the gun would not fire and the live round would be ejected from the gun.  (T.T. at 220-224.)

[3] 18 Pa.C.S.A. § 2502(c).

[4] Appellant's trial counsel was Robert Foreman, Esq., of the Office of Public Defender.

[5] Appellant's direct appeal counsel was Scott Rudolf, Esq., also of the Office of Public Defender.

for allowance of appeal in the Pennsylvania Supreme Court. On March 6, 2007, the petition was denied.

On March 5, 2010, appellant, through his PCRA counsel, Scott Coffey, Esq., filed his first (amended) PCRA petition.[6] (Docket #56.) The post-conviction issues raised included: ineffective assistance of trial counsel for failing to move to suppress appellant's confession; ineffective assistance of trial counsel for failing to utilize appellant's girlfriend, Lisa Fields, at trial to prove that appellant's confession was coerced; ineffective assistance of trial counsel for failing to request a **corpus delicti** jury instruction; and ineffective assistance of trial counsel for failing to cross-examine Monte Nichols regarding his expectation of leniency for testifying against appellant. An evidentiary PCRA hearing was held on June 8, 2010. The PCRA court dismissed appellant's PCRA petition on November 16, 2010, based on its determination that all claims raised therein were meritless.

On November 22, 2011, the PCRA court appointed Christy Foreman, Esq., to represent appellant on appeal. Attorney Foreman filed a timely notice of appeal, and raised the same issues Attorney Coffey had raised in the PCRA petition. On August 21, 2012, this court affirmed the PCRA court's

---

[6] Appellant initially requested the court's permission to represent himself. A hearing was held pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). After the trial court issued a notice of intention to dismiss appellant's **pro se** PCRA petition, appellant agreed to counseled representation.

ruling. ***Commonwealth v. Gerald***, No. 1911 WDA 2010, unpublished memorandum (Pa.Super. filed August 21, 2012). A petition for allowance of appeal was filed, and denied by our supreme court on March 13, 2013.

On February 3, 2014, appellant, ***pro se***, filed his second PCRA petition which is at issue here. (Docket #79.) On March 25, 2014, the court issued a notice, pursuant to Pa.R.Crim.P. 907, of its intention to dismiss the petition without a hearing on the grounds that all issues were time-barred. (Docket #80.) Appellant responded and on April 24, 2014, the PCRA court dismissed his PCRA petition.

Appellant raises the following issues on appeal:

> (A) DID BRIAN WIESMANTLE[] CAUSE A MISCARRIAGE OF JUSTICE WHEN HE INTENTIONOLLY [SIC] CHOSE TO LIE AND FALSIFY EVIDENCE IN ORDER FOR THE GRAND JURY TO PURSUE CRIMINOL [SIC] CHARGES.

> > (1) WAS COURT APPOINTED COUNSEL CHRIST [SIC] P. FOREMAN ESQUIRE INEFFECTIVE FOR FAILING TO DEMONSTRATE MEANINGFULL [SIC] PARTICIPATIN [SIC] EFFECTIVELY LEAVEING [SIC] APPEALANT [SIC] UNCOUNSELED ON ISSUES (1-6). AND EFFECTIVELY MISLEADING APPEALANT [SIC] IN REGAURD [SIC] TO HIS NEXT STAGE OF APPEAL[?]

> > (2) WAS MS. FOREMAN ESQUIRE INEFFECTIVE FOR FAILING TO REFUTE THE EVIDENTIARY HEARING TRANSCRIPTS AS INACURATE [SIC][?]

(3)     WAS MS. FOREMAN, ESQUIRE
        INEFFECTIVE IN HER FAILURE TO
        ADDRESS PETITIONER[']S ISSUES
        OF INEFFECTIVE WITH PRIOR
        PCRA COUNSEL SCOTT COFFY
        [SIC], ESQUIRE[?]

(4)     WAS MS. FOREMAN, ESQUIRE
        INEFFECTIVE FOR FAILING TO
        ARGUE, LITIGATE OR SUPPORT
        PETITIONER[']S ISSUES BY THE
        RECORD IN REGAURD [SIC] TO
        WHETHER TRIAL COUNSEL WAS
        INEFFECTIVE FOR FAILING TO
        CROSS EXAMINE MONTEE [SIC]
        NICHOLS REGAURDING [SIC] THE
        SENTENCE AND FINES HE FACED
        LEAVEING [SIC] PETITIONER
        EFFECTIVELY UNCOUNSELED[?]

(5)     WAS MS. FOREMAN, ESQUIRE WAS
        [SIC] INEFFECTIVE FOR FAILING
        TO ARGUE, LITIGATE OR SUPPORT
        PETITIONER[']S ISSUES BY THE
        RECORD IN REGAURD [SIC] TO
        TRIAL COUNSEL FAILING TO
        SUPPRESS INVOLUNTARY
        STATEMENT TO POLICE, FAILING
        TO FILE A HABEAS CORPUS
        PITITION [SIC] AFTER NO CORPUS
        DELECTI INSTRUCTION WAS
        PROVIDED MS[.] FOREMAN
        FAILING TO SHOW HOW
        PETITIONER WAS PREJUDICED BY
        THE ABSENCE OF THE JURY
        INSTRUCTION FOR FAILING TO
        ASSERT TRIAL COUNSEL[']S
        INEFFECTIVENESS THROUGH THE
        RECORD LEAVEING [SIC]
        PETITIONER EFFECTIVELY
        UNCOUNSELED[?]

> > (6)  WAS MS. FOREMAN, ESQUIRE INEFFECTIVE FOR FAILING TO ARGUE, LITIGATE OR SUPPORT PETITIONER[']S ISSUE BY THE RECORD IN REGAURD [SIC] TO DETECTIVE DALE CONOFARI[']S TESTIMONY AT EVIDENTIARY HEARING LEAVEING [SIC] PETITIONER EFFECTIVELY UNCOUSELED [SIC] DUE TO HIS FALSIFICATION OF EVIDENCE[?]
>
> > (B)  DID DR. LEVINE FOR THE PROSECUTION CREATE A MISCARRIAGE OF JUSTICE WHEN HIS TESTIMONY BLIND SIDED [SIC] THE DEFENSE WITH DESCOVERY [SIC] VIOLATION TESTIMONY TO PROVE CASATION [SIC][?]
>
> > (C)  WAS IT TRIAL COURT ERROR PROSECUTOR MISCONDUCT INEFFECTIVE ASSISTENCE [SIC] OF COUNSEL WHEN THE COMMEN WEALTH [SIC] WITH HELD [SIC] THE PRE[-]SENTENCE REPORT FROM PETITIONER SENTENCE COURT ERROR TO NOT SENTENCE DEFENDANT UNDER GUIDELINES AT THE TIME OF THE CRIME.
>
> > [D]  TRIAL COURT ERROR, INEFFECTIVE COUNSEL TO NOT FILE MODIFICATION OF SENTENCE

Appellant's brief at 2.

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has held that the PCRA's time restriction is

constitutionally sound. ***Commonwealth v. Cruz***, 852 A.2d 287 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); ***Commonwealth v. Wharton***, 886 A.2d 1120 (Pa. 2005).

In this case, we affirmed the appellant's judgment of sentence on August 24, 2006. Appellant timely petitioned for allowance of appeal which was denied on March 6, 2007. United States Supreme Court Rule 13 provides that "[a] petition for writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when filed with the Clerk within 90 days after entry of the order denying discretionary review." U.S. Sup.Ct. Rule 13; 28 U.S.C.A. Under this rule, appellant had 90 days (***i.e.***, until June 4, 2007) to file a petition for ***certiorari*** in the United States Supreme Court with respect to the Pennsylvania Supreme Court's order. Thus, appellant's judgment became final on June 4, 2007. 42 Pa.C.S.A. § 9545(b)(3). ***See also Commonwealth v. Owens***, 718 A.2d 330 (Pa.Super. 1998). Under 42 Pa.C.S.A. § 9545(b)(1), appellant had one year from this date, until June 4, 2008, to file his PCRA petition. The instant petition, which the trial court dismissed as time-barred, was filed on February 3, 2014, nearly seven years after appellant's judgment of sentence became final.

There are three narrow exceptions to the one-year time bar: when the government has interfered with the defendant's ability to present the claim, when the defendant has recently discovered facts upon which his PCRA claim is predicated, or when either the Pennsylvania Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa.Super. 2012). The defendant has the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If an appellant fails to invoke a valid exception to the time bar of the PCRA, this court may not review the petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Appellant has failed to specifically invoke any valid exception to what is a facially untimely PCRA petition. He does not aver or demonstrate that his various allegations of error were either caused by the interference by government officials, or that it was unknown or not discoverable by him by due diligence or that there are any newly recognized constitutional rights that must be considered. "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Commonwealth v. Perrin**, 947 A.2d 1284, 1285 (Pa.Super. 2008).

As appellant's second PCRA petition is clearly untimely and appellant has failed to plead and prove the applicability of any exception to the PCRA's time-of-filing requirements, the PCRA court lacked jurisdiction to consider the merits of appellant's issues and did not err in dismissing appellant's petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/6/2015